UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

02-20247 CR-UNGARO-BENAGES

CASE NO. _____

21 USC 952(a)
21 USC 841(a)(1)

MAGISTRATE JUDGE
BROWN

UNITED STATES OF AMERICA

v.

EUGENE FELIX VALERIUS
_____/

FILED BY
02 MAR 14 PM 1:25

### INDICTMENT

The Grand Jury charges that:

### COUNT I

On or about February 28, 2002, at Miami International Airport, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant,

**EUGENE FELIX VALERIUS,**

did knowingly and intentionally import into the United States, from a place outside thereof, a Schedule II controlled substance, that is, five hundred grams or more of a mixture and substance containing a detectable amount of cocaine; in violation of Title 21, United States Code, Sections 952(a) and 960(b)(2).



## COUNT II

On or about February 28, 2002, at Miami International Airport, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant,

**EUGENE FELIX VALERIUS,**

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, five hundred grams or more of a mixture and substance containing a detectable amount of cocaine; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

A TRUE BILL

_____
FOREPERSON

_____
GUY A. LEWIS
UNITED STATES ATTORNEY

_____
CHARLES E. DUROSS
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

02-20247-CR-UNGARO-BENAGES

UNITED STATES OF AMERICA    CASE NO.

v.                                    **CERTIFICATE OF TRIAL ATTORNEY***

EUGENE FELIX VALERIUS             **Superseding Case Information:**    MAGISTRATE JUDGE
                                                                        BROWN

**Court Division:** (Select One)    New Defendant(s)    Yes ___  No ___
                                    Number of New Defendants  ___
_x_ Miami  ___ Key West             Total number of counts  ___
___ FTL    ___ WPB  ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No) _No_
   List language and/or dialect  _____

4. This case will take _2_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                         (Check only one)

   I    0 to 5 days       _x_         Petty      ___
   II   6 to 10 days      ___         Minor      ___
   III  11 to 20 days     ___         Misdem.    ___
   IV   21 to 60 days     ___         Felony     _x_
   V    61 days and over  ___

6. Has this case been previously filed in this District Court? (Yes or No) _No_
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) _Yes_
   If yes:
   Magistrate Case No.  _02-2343-GARBER_
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _02/28/02_
   Defendant(s) in state custody as of _____
   Rule 20 from the _____    District of _____

   Is this a potential death penalty case? (Yes or No) _No_

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _x_ No    If yes, was it pending in the Central Region? ___ Yes ___ No

8. Did this case originate in the Narcotics Section, Miami? ___ Yes _x_ No

                                    _____
                                    CHARLES E. DUROSS
                                    ASSISTANT UNITED STATES ATTORNEY
                                    Court ID No. A5500618

*Penalty Sheet(s) attached                                      REV.6/27/00

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**_PENALTY SHEET_**

02-20247 CR-UNGARO-BENAGES

Defendant Name: EUGENE FELIX VALERIUS        Case No. _____

MAGISTRATE JUDGE
BROWN

| Count #: I |
|---|
| 21 USC 952(a)/Importation of Cocaine |
| *Max Penalty: 40 Years' Imprisonment |
| |

| Count #: II |
|---|
| 21 USC 841(a)(1)/Possession with the Intent to Distribute Cocaine |
| *Max Penalty: 40 Years' Imprisonment |
| |

| Count #: |
|---|
| |
| *Max Penalty: |
| |

| Count #: |
|---|
| |
| *Max Penalty: |
| |

| Count #: |
|---|
| |
| *Max Penalty: |
| |

| Count #: |
|---|
| |
| *Max Penalty: |
| |

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

No. _____

# 02-20247-CR-UNGARO-BENAGES

## UNITED STATES DISTRICT COURT

SOUTHERN District of FLORIDA

_____ Division

### THE UNITED STATES OF AMERICA

vs.

EUGENE FELIX VALERIUS

## INDICTMENT

In violation of 21 USC 952(a)
21 USC 841(a)(1)

A true bill.

FGJ 00-05 (MIA)

_____ Foreman

Filed in open court this _____ day,

of _____ A.D. _____

_____ Clerk

Bail, $ _____

MAGISTRATE JUDGE
BROWN

GRAND JURY INDICTMENT NO. 05-mcN-736

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 02-2343-GARBER

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

EUGENE FELIX VALERIUS,
    Defendant.
_____:

**ORDER ON DEFENDANT'S MOTION TO PRESERVE EVIDENCE**

THIS CAUSE is before the Court on the defendant's motion to preserve evidence. The Court being fully advised in the premises, it is

ORDERED AND ADJUDGED that the defendant's motion is hereby **GRANTED**. The government shall preserve and shall immediately direct its agents to preserve all of the alleged contraband evidence in this case as well as any other personal property, documents or effects of the defendant seized at the time of his arrest.

DONE AND ORDERED at Miami, Florida this ___8th___ day of March, 2002.

_____
UNITED STATES MAGISTRATE JUDGE

cc:    Teresa Miguel, AFPD
       United States Attorney

J:\Valerius, Eugene Felix Reg68374-004\Pleadings\Preserve.evi.male.wpd





UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 02-2343-GARBER

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

EUGENE FELIX VALERIUS,
    Defendant.
_____:

## DEFENDANT'S MOTION TO PRESERVE EVIDENCE

    The defendant through counsel and pursuant to Rule 16 of the Federal Rules of Criminal Procedure, moves for an order directing the government to preserve and to immediately direct its agents to preserve all of the alleged contraband evidence in this case in addition to all items of personal clothing and effects that were in the actual or constructive possession of the defendant at the time of his arrest. In support of this motion, undersigned counsel represents as follows:

    1.    The defendant has been charged with importation of and possession of with intent to distribute illegal drugs.

    2.    The defendant was arrested at Miami International Airport after disembarking from an airplane which arrived from abroad. Upon the defendant's arrest, all of his baggage and personal property were seized and taken from him.

    3.    It is necessary that all the alleged contraband in this case rather than just a representative sample be preserved so that the defendant has the opportunity to have an independent weighing of the contraband to confirm its exact weight.

    4.    It is also necessary that all items that "were obtained from or belonged" to the



defendant be preserved to permit authorized discovery. *See* Federal Rule of Criminal Procedure 16 and the Standing Discovery Order. *See also United States v. Rodriguez,* 799 F.2d 649, 652 (11th Cir. 1986). Documents, packaging, suitcases and items of clothing seized from the defendant are material to the preparation of the defense as they may play an important role in uncovering admissible evidence, aiding in witness preparation or assisting in impeachment. *See United States v. Felt,* 491 F. Supp. 179 (D.D.C. 1979).

5. Furthermore, preservation of all personal property in the defendant's possession at the time of his arrest and seized from or taken from him in connection with the charges against him is necessary to the defense as that personal property may well be evidence of his lack of specific intent to import and/or to distribute drugs.

WHEREFORE, the defendant respectfully requests this Court to enter an order directing the government to preserve and to immediately direct its agents to preserve all of the alleged contraband evidence in this case as well as any personal property, documents or effects that were in the defendant's actual or constructive possession at the time of his arrest.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Teresa Miguel
Assistant Federal Public Defender
Special Attorney Bar No. A5500540
150 West Flagler Street, Suite 1700
Miami, Florida 33130-1556
(305) 530-7000, Ext. 142
(305) 536-4559, Fax

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this 7th day of March, 2002 to the United States Attorney, 99 Northeast 4th Street, Miami, Florida 33132-2111.

_____
Teresa Miguel

J:\Valerius, Eugene Felix Reg68374-004\Pleadings\Preserve.evi.male.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 02-2343-GARBER

UNITED STATES OF AMERICA,
        Plaintiff,

vs.

EUGENE FELIX VALERIUS,
        Defendant.
_____:

**DEFENDANT'S INVOCATION OF RIGHTS TO SILENCE AND COUNSEL**

    The defendant named above does hereby invoke his or her rights to remain silent and to counsel with respect to any and all questioning or interrogation, regardless of the subject matter, including, but not limited to: matters that may bear on or relate to arrest, searches and seizures, bail, pretrial release or detention, evidence at trial, guilt or innocence, forfeitures; or that may be relevant to sentencing, enhanced punishments, factors applicable under the U.S. Sentencing Guidelines, restitution, immigration status or consequences resulting from arrest or conviction; appeals or other post-trial proceedings.

    The defendant requests that the U.S. Attorney ensure that this invocation of rights is honored, by forwarding a copy of it to all law enforcement agents, government officials, or employees associated with the investigation of any matters

relating to the defendant. Any contact with the defendant must be made through the defendant's lawyer, undersigned counsel.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Teresa Miguel
Assistant Federal Public Defender
Special Attorney Bar No. A5500540
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
(305) 530-7000, ext. 142
(305) 536-4559, fax

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was mailed the 7th day of March 2002, to the United States Attorney's Office, 99 NE 4th Street, Miami, FL 33132-2111.

By: _____
Teresa Miguel

J:\Valerius, Eugene Felix Reg68374-004\Pleadings\Invocati.mot.wpd

koia.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 02-2343-Gachek

UNITED STATES OF AMERICA

        Plaintiff,

**ORDER ON INITIAL APPEARANCE**
Language ENGLISH
Tape No. 02C - 18-1 ; 02C/2/-3637
AUSA Annie Martinez
Agent _____

v.

EUGENE FELIX VALERIUS

        Defendant.

DOB: 11-3-73      Reg# 68374-004

_____/

     The above-named defendant having been arrested on ___3-1-02___ having appeared before the court for initial appearance on ___3-5-02___ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
Address: _____
Zip Code: _____ Telephone: _____

2. AFPD - Miguel _____ appointed as permanent counsel of record.
Address: _____
Zip Code: _____ Telephone: _____

3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____, 2002.

4. Arraignment/Preliminary/Removal/Identity hearing is set for 10am ___3-19-02___, 2002.

5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____
A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for 10am _____, 2002.

6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:
Stipulated - no Hearing Held -
$250,000 Corp Surety w/ nebbia

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
✓a. Surrender all passports and travel document to the Pretrial Services Office.
✓b. Report to Pretrial Services as follows: 2 times a week by phone, 2 time a week in person;
   other: Remain SDFL
___ c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___ d. Maintain or actively seek full time gainful employment.

Page 1 of 2

<u>EUGENE FELIX VALERIUS</u>

___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:
_____
_____

This bond was set: At Arrest _____
            On Warrant _____
            After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ___
_____
_____

____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at <u>Miami, Florida</u>, this <u>  5th  </u> day of <u>  MARCH  </u> 2002.

_____
UNITED STATES MAGISTRATE JUDGE
BARRY L. GARBER

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 02-2343-BLG

UNITED STATES OF AMERICA

vs.

FILED by __ D.C.
MAG. SEC.

MAR - 5 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

**EUGENE FELIX VALERIUS**

_____/

CRIMINAL COVER SHEET

1. Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999?  ___ Yes  _X_ No

2. Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999? ___ Yes  _X_ No

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

BY: _____
CHARLES E. DUROSS
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5500618
99 N. E. 4th Street
Miami, Florida  33132-2111
TEL (305) 961-9358
FAX (305) 530-7976

N:\vsimmons\Duty\complain.cov

# United States District Court

_____SOUTHERN_____ DISTRICT OF _____FLORIDA_____

UNITED STATES OF AMERICA

V.

EUGENE FELIX VALERIUS

(Name and Address of Defendant)

CRIMINAL COMPLAINT

CASE NUMBER: 02-2343-GARBER

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about February 28, 2002, at Miami International Airport, Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant did knowingly and intentionally import into the United States from a place outside thereof a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a); and did knowingly and intentionally possess with the intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

I further state that I am a Special Agent and that this complaint is based on the following facts:

On or about February 28, 2002, at approximately 11:35 a.m., the defendant, EUGENE FELIX VALERIUS, arrived at Miami International Airport aboard ALM Airlines Flight #977 from Curacao. After being admitted into the United States by the Immigration & Naturalization Service, the defendant presented himself and his luggage to the U.S. Customs Service for examination. During a secondary examination, U.S. Customs Inspectors suspected the defendant to be an internal carrier of narcotics. An x-ray taken of the defendant indicated that several pellets were distributed throughout his intestinal tract. Fifty-six (56) pellets were subsequently recovered from the defendant's body. A field test of the white powdery substance found in the pellets proved positive for the presence of cocaine. The estimated weight of the white powdery substance found inside the pellets was 1.58 pounds.

_____
Signature of Complainant
ROBERT HAMMER, SPECIAL AGENT
UNITED STATES CUSTOMS SERVICE
MARCH 5, 2002

Sworn to before me, and subscribed in my presence,

MARCH 5, 2002_____   at   Miami, Florida_____
Date                                                                           City and State

BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE_____   _____
Name and Title of Judicial Officer                              Signature of Judicial Officer

# UNITED STATES DISTRICT COURT
## Southern District of Florida

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**Plantiff**<br><br>V.S.<br><br>**Eugene Felix Valerius**<br>**Defendant** | Case Number: CR 02-2343-Gacher<br><br>REPORT COMMENCING CRIMINAL ACTION<br><br>FILED by ___ D.C.<br>MAR - 5 '02<br>CLARENCE MADDOX<br>CLERK U.S. DIST. CT.<br>S.D. OF FLA. MIAMI<br><br>68374-004 |

TO: Clerk's Office, U.S. District Court:   (**Miami**)     Ft. Lauderdale     W. Palm Beach

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES COURT ABOVE

All items are to be completed. Information not applicable or unknown will be indicated "N/A"

(1) Date and Time of Arrest: 3-1-02   1555
(2) Language Spoken: ENGLISH
(3) Offense(s) Charged: <u>21USC952-UNLAWFUL IMPORTATION OF NARCOTICS</u>
      <u>21USC841(A)-POSSESSION W/INTENT TO DIST. NARCOTICS</u>
(4) U.S. Citizen:     ( ) Yes          (xx) No          ( ) Unknown
(5) Date of Birth: 11-3-1973
(6) Type of Charging Document: (Circle One)
     ( ) Indictment      ( x) Complaint      (x) To Be Filed      ( ) Already Filed

Case #:_____
( ) Bench Warrant for Failure to Appear
( ) Probation Violation Warrant
( ) Parole Violation Warrant

Originating District:
COPY OF WARRANT LEFT WITH BOOKING OFFICER:  ( ) Yes    ( ) No

Amount of Bond: $_____   Who Set Bond?_____

(7) Remarks:_____
(8) Date: 3/4/02                              (9) Arresting Officer: S/A Hammer
(10) Agency: U.S. Customs Service      (11) Telephone #: (786) 265-7401
(12) Comments:_____